Singleton, Judge:
Claimant on December 9, 1965, filed before the Attorney General of the State of West Virginia, a claim in the amount of $2,275.76 for damages sustained to claimants’ automobile and dwelling house as a result of these being struck by a State Road Commission truck. The damage was alleged to have occurred on their premises on Route 21 in Sandyville, Jackson County, West Virginia. The claim was subsequently transferred to this Court by the Attorney General after July 1, 1967, and set down on the hearing docket on February 23, 1968.
Upon the case being called for hearing the Assistant Attorney General and counsel for the State Road Commission, there being no appearance on behalf of claimants, tendered to the Court a stipulation reciting that the respondent, State Road Commission, had made a thorough investigation into the facts and circumstances giving rise to said claim and as a result of said investigation stipulated that the facts as alleged in claimants’ petition are true and that the amount of damages alleged to have been sustained is reasonable, and waived any right on the part of the respondent to produce any evidence concerning this claim. This stipulation was accordingly by order of this Court filed in this proceeding.
The facts as stipulated by counsel for the claimant and the Attorney General were that on July 31, 1965, a State Road Commission dump truck loaded with gravel and operated by *106 Arthur B. Kirby, a State Road Commission employee, was proceeding on Route 21 in Jackson County in a southerly direction when the brakes failed on said truck causing it to leave the roadway and strike the house of the petitioners and also their automobile, which was setting on their driveway. There is no evidence in the record before this Court of any negligence on the part of the claimants nor any inaction on their part that might lawfully preclude any recovery, and it appears that the sole cause of the damage was defective condition of the brakes on the State Road Commission vehicle.
Upon consideration of the petitioner, the exhibits, the stipulation and the order filing same, this Court is of the opinion that the facts set forth in the petition do present a claim within the jurisdiction of this Court, and further the allegations of said petition as stipulated by the respondent do constitute a valid claim against the State of West Virginia that in equity and good conscience should be paid and the Court is of the further opinion, and it is hereby our judgment that the claimants, William Curry and Mary E. Curry, should recover, and we do hereby award the said claimants the sum of $2,106.71. It should be pointed out that the aforementioned sum awarded is not the sum alleged in the petition but is the actual expense incurred by the petitioners for the repairs to their dwelling and automobile as evidenced by exhibits and statements subsequently filed in this matter.